# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,

                              Petitioner,

v.

SCOTT ECKSTEIN,

                             Respondent.

Case No. 17-CV-10-JPS

**ORDER**

On January 3, 2017, Willie C. Simpson ("Simpson") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). In his petition, which was submitted on a non-standard Section 2254 form, Simpson states that he is challenging the effect of a sentence imposed by Grant County, Wisconsin for battery by a prisoner. *See State of Wisconsin v. Willie C. Simpson*, Grant County, Case No. 2011-CF-123. In addition to his petition, Simpson has filed: (1) a motion for leave to proceed *in forma pauperis* (Docket #4); (2) a motion for a temporary restraining order (Docket #8); and (3) a motion to stay this matter pending exhaustion of his state court remedies (Docket #13).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations

bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

As it did with Simpson some five months prior, the Court is compelled to address the fact that he is the personification of a serial litigant. *See Simpson v. Eckstein*, Case No. 16-CV-854 (E.D. Wis. August 30, 2016) (Docket #20) (the "2016 Screening Order") (petition denied, Simpson appealed); *Simpson v. Walker et al.*, Case No. 15-CV-1017 (E.D. Wis. filed Aug. 20, 2015) (dismissed after voluntary withdrawal of petition) (J. Randa); *Simpson v. Walker et al.*, Case No. 15-CV-1016 (E.D. Wis. filed Aug. 20, 2016) (dismissed for failure to exhaust state remedies) (J. Randa); *Simpson v. Pollard*, Case No. 15-CV-986 (E.D. Wis. filed Aug. 18, 2015) (dismissed as unauthorized successive petition) (J. Randa); *Simpson v. Walker et al.*, Case No. 15-CV-171 (E.D. Wis. filed Feb. 12, 2015) (dismissed as unauthorized successive petition); *Simpson v. Wis. Dept. Corr.*, Case No. No. 14-CV-197 (E.D. Wis. filed Feb. 21, 2014) (J. Griesbach), *aff'd*, No. 14-2056 (7th Cir. Oct. 23, 2014) (dismissed for failure to exhaust state remedies); *Simpson v. Haines*, Case No. 12-CV-410 (E.D. Wis. filed May 12, 2012) (denying petition) (J. Adelman); *Simpson v. Kingston*, Case No. 02-CV-1099 (E.D. Wis. filed Nov. 13, 2002) (denying petition) (J. Adelman); *see also Simpson v. Walker*, Case No. 11-CV-838-BBC (W.D. Wis. Apr. 1, 2013) *aff'd*, 527 F. App'x 561 (7th Cir. 2013); *Simpson v. Thorpe*, 09-CV-532-BBC, 2010 WL 3667003 (W.D. Wis. Sept. 15, 2010); *Simpson v. Joseph*, 06-CV-200, 2007 WL 433097 (E.D. Wis. Feb. 5, 2007), *aff'd*, 248 F. App'x 746 (7th Cir. 2007); *Simpson v. Greenwood*, 06-CV-612-C, 2007 WL 5445538 (W.D. Wis. Apr. 6, 2007).

As explained by previous courts in this District, Simpson is currently incarcerated at the Green Bay Correctional Institution, where he is serving a

65-year sentence for sexually assaulting children. *See Simpson v. Haines*, Case No. 12-CV-410, Docket #33 at 1 (E.D. Wis. filed May 12, 2012) (denying petition) (J. Adelman). He was first convicted in the Milwaukee County Circuit Court in 1997 of second-degree sexual assault of a child under Wis. Stat. § 948.02(2). The court stayed the resulting 15-year prison sentence and placed Simpson on probation, which was revoked in 1999 after he molested a 6-year-old. He was subsequently convicted of two counts of first-degree sexual assault of a child under Wis. Stat. § 948.02(1) and sentenced to two consecutive prison terms of 25 years. Next, in 2012, Simpson was convicted in Dodge County Circuit Court of battery by prisoners, bail jumping and disorderly conduct in violation of Wis. Stat. §§ 940.20(1), 946.49(1)(b), and 947.01, respectively. *See Simpson v. Walker et al.*, Case No. 15-CV-171, Docket #9 at 2-3 (E.D. Wis. filed Feb. 12, 2015) (J. Randa). Finally, in 2013, Simpson was convicted in Grant County Circuit Court of one count of battery by prisoners and six counts of prisoner throwing/expelling bodily substances in violation of Wis. Stat. § 946.43(2m)(a). *Id.*

This case must be dismissed, like that from July 2016, for myriad reasons. First, on the face of Simpson's petition, it is not apparent that he states a cognizable habeas claim. In the Court's August 30, 2016 order in the July 2016 case, it found as a ground for dismissal Simpson's repeated statements that he was not attacking the validity of a conviction, but rather the way in which Wisconsin Department of Corrections ("DOC") policies affected his good time credit. 2016 Screening Order at 3-4. As the Court explained, a state prisoner may obtain habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "An alternate formulation of this basic principle is that a habeas corpus petition must attack the fact or

duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254[.]" *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009).

Simpson claims to attack the validity of the Grant County conviction, 11-CR-123, but what he actually complains of is the DOC's application of that conviction, pursuant to its policies, to deny him early release. *See* (Docket #1 at 2, 10). Simpson's petition is silent as to any infirmity in the conviction itself. *See generally id.* at 7-11. Thus, as it did in the 2016 Screening Order, the Court must conclude that he has failed to present a cognizable habeas claim because his challenge attacks DOC policies, not an actual conviction.[1]

Even if the claim was cognizable, it would still fail for numerous reasons. First, assuming the petition has anything to do with the conviction in 11-CR-123, it is untimely. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). A review of the publicly-available docket report for 11-CR-123 shows that Simpson's conviction became final on January 11, 2013, and his appeal was dismissed on July 24, 2014. *See State of Wisconsin v. Willie C. Simpson*, Grant County, Case No. 2011-CF-123; *State v. Willie C. Simpson*, Court of Appeals District 4, Case No. 2014-

---

[1] As with the July 2016 petition, Simpson repeatedly and inexplicably states that he is not attacking a criminal conviction. (Docket #1 at 3-6). The Court has generously overlooked this as it appears to undermine Simpson's misguided attempt to avoid application of the Court's analysis from the 2016 Screening Order.

AP-1477. Simpson's time to file, then, passed in July 2015, long before the January 3, 2017 filing date of this petition.

In his motion to stay, Simpson makes two arguments to avoid untimeliness. First, he asserts that the one year statute of limitations does not apply because his habeas challenge arises out of prison discipline. (Docket #13 at 1). He is incorrect. Although his battery charge was of a special kind reserved for prisoners, it was still a felony for which he was convicted by the Wisconsin courts. *See* Wis. Stat. § 940.20(1). It was not a punishment imposed by a prison disciplinary board. *Cf. Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002).

Second, Simpson contends that "after resolution of the state post-conviction [motion], petitioner has one year to file habeas claims to the federal court[.]" (Docket #13 at 2). He is again incorrect. While the relevant Wisconsin statute, Section 974.06, provides for collateral review without a time limitation, it does not restart the statute of limitations for habeas purposes. *See* Wis. Stat. § 974.06(1). *Graham* discussed this very issue:

> For the sake of thoroughness, we will cut one final argument off at the pass. Although we have concluded that § 974.06 review constitutes collateral review, Graham's § 974.06 petition did nothing to toll the federal habeas statute of limitations under 28 U.S.C. § 2244(2) ("the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). As we noted above, Graham had one year from the date of the enactment of the AEDPA, or until April 24, 1997, to file his federal habeas corpus petition. Graham did not have a properly filed application for collateral review pending at any time between the time when his judgment became final and April 24, 1997. Consequently his § 974.06 motion had no tolling effect whatsoever on the AEDPA statute of limitations. Graham's

> habeas petition is untimely and cannot be considered by this court.

*Graham v. Borgen*, 483 F.3d 475, 482-83 (7th Cir. 2007). The court also noted the reasons behind this ruling:

> [T]he purpose of enacting the [habeas] limitations period was "to curb the abuse of the statutory writ of habeas corpus, and to address the acute problems of unnecessary delay and abuse in capital cases. It sets a one year limitation on an application for a habeas writ and revises the procedures for consideration of a writ in federal court." H.R. Conf. Rep. No. 104-518, at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944. This court has previously held in a similar context that the federal courts cannot tolerate an interpretation of Wisconsin law that would render the AEDPA limitations period ineffective as to all habeas petitioners who were convicted in Wisconsin state court.

*Id.* at 482 (quotation omitted); *see also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Simpson admits that he has had no Section 974.06 post-conviction motion, or any other form of appeal or collateral attack, pending since July 2014. His instant petition is, therefore, untimely.

Simpson has also failed to exhaust his state court remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). Simpson's claim arises from the

DOC's allegedly improper application of the 11-CR-123 conviction to its early release determination in September 2014. (Docket #1 at 10). This occurred after his direct appeal had concluded and therefore the claim could not have been part of it. As shown by his petition and his motion to stay, Simpson has not given the Wisconsin courts any opportunity to pass on the claim either upon direct appeal or a post-conviction motion. *See id.* at 3-12; (Docket #13).

Relatedly, the Court will deny Simpson's motion to stay. A stay and abeyance is appropriate when "the petitioner had good cause for his failure to exhaust all claims and…the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)); *Arrieta v. Battaglia*, 461 F.3d 861, 866–67 (7th Cir. 2006) (internal citations omitted). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (citations omitted). The Supreme Court has emphasized that a "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 270. Simpson's motion does not even attempt to articulate good cause for his failure to exhaust; it merely asserts that he is now drafting a post-conviction motion related to the instant petition for filing in state court. (Docket #13 at 2). Further, Simpson is an experienced litigant and should have been aware of the need to raise his claim in state court prior to filing this petition. Without a showing of good cause, the motion to stay must be denied.

Finally, as the Court noted in the 2016 Screening Order, Simpson has filed multiple habeas petitions litigating his convictions, some of which have included arguments related to the propriety of his confinement based on the application of various DOC rules. S*ee, e.g.*, *See Simpson v. Eckstein*, Case No. 16-CV-854; *Simpson v. Walker et al.*, Case No. 15-CV-171; *Simpson v. Haines*,

Case No. 12-CV-410. Thus, to the extent Simpson is attempting to re-litigate those issues in this case, his petition is successive and may not be ruled upon absent approval by the Seventh Circuit. 28 U.S.C. § 2244(b); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Because Simpson's claims: (1) are not cognizable under 28 U.S.C. § 2254; (2) are untimely; (3) were not exhausted in Wisconsin state court; and (4) are successive and unauthorized by the Seventh Circuit, the Court will dismiss Simpson's petition and deny his other outstanding motions. (Docket #4, #8, and #13).

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Simpson must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, no reasonable jurists could debate whether Simpson's petition states a cognizable, timely, exhausted, and non-successive claim under Section 2254. As a consequence, the Court is compelled to deny a certificate of appealability as to Simpson's petition.

Finally, the Court closes with some information about the actions that Simpson may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that the instant petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Mr. Simpson's petition be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* (Docket #4) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the petitioner's motion for a temporary restraining order (Docket #8) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the petitioner's motion to stay (Docket #13) be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge